ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.*
| jThe Committee on Bar Admissions opposed the application of petitioner, Sam Jude Holloway, to sit for the Louisiana Bar Examination based on character and fitness concerns relating to adversary proceedings initiated against him in his bankruptcy. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence. In re: Holloway, 08-2984 (La.1/7/09), 998 So.2d 711.
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. Following the proceedings, the commissioner filed his report with this court, recommending admission be denied. Petitioner objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet his burden of proving that he has “good moral character” to be admitted to the Louisiana State Bar Association. See |2Supreme Court Rule XVII, § 5(E). The record of this matter reflects a pattern of misrepresentations and fraud on the part of petitioner in connection with a business endeavor known as H & W Welding Services, *1001 Inc. Petitioner egregiously misspent the funds entrusted to him by his business partner for the benefit of the company and essentially used those funds as his own. Furthermore, the commissioner accepted as true testimony by petitioner’s business partner that petitioner “conned and deceived” him regarding the company’s business affairs.[1] Under these circumstances, we find petitioner does not possess the requisite good moral character to practice law in Louisiana.
Accordingly, it is ordered that the application for admission be and hereby is denied.
ADMISSION DENIED.
Retired Judge THOMAS C. WICKER, JR., sitting Justice ad hoc for WEIMER, J., recused.

 Retired Judge Thomas C. Wicker, Jr., assigned as Justice ad hoc, sitting for Associate Justice John L. Weimer, recused.

. This court generally gives deference to the credibility findings of the commissioner, although we make the ultimate decision regarding admission. See In re: Hinson-Lyles, 02-2578, n. 6 (La.12/3/03), 864 So.2d 108 (‘‘[w]hile we afford some deference to the commissioner’s recommendation, making due allowance for the commissioner’s opportunity to observe and evaluate the demeanor of the applicant and the witnesses, the ultimate decision regarding admission rests with this court.”).