WEIMER, J.,
dissenting.
LI believe the applicant should be admitted conditionally.
Notably, the applicant graduated from Tulane University at the age of 19. Soon after graduating from college, however, she engaged in a series of youthful indiscretions, committed roughly ten years ago, which the applicant forthrightly admits are troubling. Two doctors testified that the applicant suffers from Attention Deficit Hyperactivity Disorder (ADHD), which is now controlled by medication and various coping techniques. While this does not justify some of her past behavior, it does put that behavior in perspective. The applicant acknowledges the Committee on Bar Admissions is justified in its concern and she agrees to conditional admission, which would serve to adequately protect the public. The commissioner who had the opportunity to evaluate the applicant in *242 person recommended conditional admission. “This court generally gives deference to the credibility findings of the commissioner, although we make the ultimate decision regarding admission.” In re Holloway, 2011-0778, p. 2 n. 1 (La.7/2/12), 97 So.3d 1000, 1001 n. 1. Having reviewed the record, I concur with the commissioner’s recommendation. I would follow that recommendation.